# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALVIN R. SIMMONS, JR., | ) |
| Plaintiff, | ) Civil Action No. 2: 15-cv-0875 |
| v. | ) Joy Flowers Conti, <br> ) Chief United States District Judge |
| ORLANDO HARPER, Warden; RICH FISGERALD; and CORIZON HEALTH CARE, | ) Cynthia Reed Eddy, <br> ) United States Magistrate Judge |
| Defendants. | ) |

## REPORT & RECOMMENDATION

**Recommendation**

For the following reasons, it is respectfully recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (the "Motion") (ECF No. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed without prejudice to Plaintiff reopening it by paying the full statutory and administrative filing fees, totaling $400.00.

**Report**

A.  Procedural History

Plaintiff, Alvin R. Simmons, Jr., ("Plaintiff" or "Simmons") is a prisoner currently incarcerated at the Beaver County Jail located in Aliquippa, Pennsylvania. At the time he filed his Motion, he was incarcerated at the Allegheny County Jail, located in Pittsburgh, PA.

He initiated this action on July 7, 2015, by the filing of a Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) accompanied by a four (4) page handwritten civil rights complaint

1

dated June 30, 2015. Plaintiff's Complaint is brief. It states in its entirety that while incarcerated at the Allegheny County Jail from "on or about 5/26/2015 til now" Simmons

> requested medical treatment many times about my Heart Disease I seek for mental counseling many times I was sick some times I was Denied this all By Corizon Health Care And I wrote the Warden many times rights Denied By medical and Allegheny County Jail and some staff for any treatment they want inmates to die No medical care.

B.     Relevant Law

The federal *in forma pauperis* statute, codified at 28 U.S.C. § 1915, allows "[a] prisoner seeking to bring a civil action or [to] appeal a judgment in a civil action" to proceed "without prepayment of fees or security therefor," if the prisoner can demonstrate that he or she is unable to pay the fees. *See* 28 U.S.C. § 1915(a)(2); *Ball v. Famiglio*, 726 F.3d 448, 451–52 (3d Cir. 2013). However, pursuant to 28 U.S.C. § 1915(g), a prisoner who on three or more occasions, has filed an action in a federal district court or on appeal, that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted may not proceed *in forma pauperis* "unless the prisoner is in imminent danger of serious physical injury" at the time the complaint was filed. *See* 28 U.S.C. § 1915(g); *Ball*, 726 F.3d at 467.

Inmates with three strikes and who cannot satisfy the imminent danger exception are not barred from filing additional federal actions, rather they are denied the privilege of proceeding *in forma pauperis* and must pay the requisite filing fee in full prior to commencing a new action. *See Abdul–Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001). Thus, when granting or revoking an inmate's *in forma pauperis* status because of his or her accrual of three strikes, the court must determine what strikes the inmate accrued prior to initiating the action immediately before the court. *Gibbs v. Ryan,* 160 F.3d 160, 162 (3d Cir. 1998). If determined to have three

qualifying strikes to their name, then the court must consider whether the inmate qualifies for the "imminent danger" exception.

Analysis under the "three-strikes rule" of § 1915(g) must be made at the time of commencement of the action. *Lopez v. U.S. Dept. of Justice*, 228 F. App'x 218, 219 (3d Cir. 2007) (citing *Abdul–Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001)). When deciding whether an inmate meets the "imminent danger" requirement, a court must examine the situation faced by the inmate at the time of the filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger." *Abdul–Akbar*, 239 F.3d at 312. Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to pro se litigants, although the Court need not credit "fantastic or delusional" allegations that "rise to the level of irrational or wholly incredible." *Gibbs v. Cross*, 160 F.3d 962, 966–67 (3d Cir. 1998) (quotations omitted).

C. Discussion

Simmons is a serial pro se prisoner filer of lawsuits. PACER, a/k/a Public Access to Court Records, reflects that Simmons has filed approximately twenty (20) civil actions. The Court takes judicial notice of the fact that Simmons has at least "three strikes" within the meaning of 28 U.S.C. § 1915(g).[1] *See Simmons v. AAA East Central Century III Office,* Case No. 2: 12-cv-1457 (W.D. Pa.) (dismissed on October 19, 2012, pursuant to 28 U.S.C. § 1915, as frivolous and for failing to state a claim (ECF No. 3), *affirmed*, No. 12-4369 (3d Cir. May 31, 2013)); *Simmons v. AAA Club Insurance*, Case No. 2:13-cv-1144 (W.D. Pa.) (dismissed on August 9, 2013, pursuant to 28 U.S.C. § 1915, as frivolous and malicious, and for failing to state

---

[1] *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule").

a claim (ECF No. 5), *appeal dismissed for failure to timely prosecute*, No. 13-3612 (3d Cir. 10/20/13)); *Simmons v. Capt. Codner*, Case No. 4:12-cv-2952 (N.D. Ohio) (dismissed on April 12, 2013, pursuant to 28 U.S.C. § 1915, for failing to state a claim), *affirmed*, No. 13-3595 (6th Cir. 06/04/2014)); and *Simmons v. U-Haul Company of Arizona*, Case No. 4:12-cv-3030 (N.D. Ohio) (dismissed on April 12, 2013, pursuant to 28 U.S.C. § 1915, for failing to state a claim), *affirmed*, No. 13-3579 (6th Cir. 06/04/2014)).

Although Simmons has had at least three previous "strikes," he may be entitled to proceed *in forma pauperis* under the "imminent danger" exception to the three strikes rule. To satisfy the imminent danger element, Simmons must allege facts showing that he was in imminent danger at the time the complaint was filed. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001) (overruling *Gibbs v. Roman,* 116 F.3d 83, 86 (3d Cir. 1997)). In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. *Gibbs v. Cross*, 160 F.3d 962, 965 (3d Cir. 1998); *Gibbs v. Roman,* 116 F.3d at 86. The Court of Appeals for the Third Circuit has instructed that:

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

*Abdul-Akbar*, 239 F.3d at 315 (internal citation omitted).

In assessing whether Simmons satisfies the imminent danger exception, the Court must construe the allegations in the complaint in his favor. However, the Court may "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Ball v. Famiglio,* 726 F.3d 448, 468 (3d Cir. 2013) (quotations omitted)). As the United States Court of

Appeals for the Third Circuit has noted, "[a] court need not accept all allegations of injury" or "accept without question the truth of the plaintiff's allegations." *Brown v. City of Philadelphia,* 331 F. App'x 898, 900 (3d Cir.), *cert. denied*, 558 U.S. 999 (2009). "To the contrary, a court may discredit 'factual claims of imminent danger that are 'clearly baseless.'" *Id.* (quoting *Gibbs v. Cross,* 160 F.3d 962, 967 (3d Cir. 1998)). "Rather, we may be guided by judicially noticeable facts in determining whether the allegations are baseless or wholly incredible." *Id.* Thus, in *City of Philadelphia,* our appellate court determined that there was no error in not crediting the inmate's allegations of imminent danger where the inmate had "a pattern of abusing judicial process by repeatedly filing frivolous actions" and where the claims of imminent danger in the current pleadings were substantially similar to prior pleadings in that they set "forth [a] myriad [of] vague, generalized, and unsupported claims." *Id.*

After reviewing the allegations contained in the Complaint, the Court finds that Simmons has not sufficiently and credibly alleged imminent serious danger of bodily injury. Here, Simmons, in a conclusory and unsupported manner, alleges that he was denied medical treatment while incarcerated at the Allegheny County Jail.[2]

Given Simmons' history of abusive litigation and the generalized nature of his claims of imminent danger in this lawsuit, the Court is not required to accept these allegations as true, pursuant to *City of Philadelphia,* 331 F. App'x at 900 (quoting *Gibbs,* 160 F.3d at 967). Here, Simmons has not offered anything in his Complaint to collaborate his bare assertions, such as

---

[2] Simmons recent transfer to Beaver County Jail is of no moment to the analysis here. Although he is no longer under the threat of imminent danger due to alleged lack of care given at the Allegheny County Jail, his in forma pauperis status is not re-evaluated based upon his change of circumstance in this regard.

5

medical documentation, which, given his history of abusive litigation, the Court concludes is necessary for this Court to accept such allegations as credible.

**Conclusion**

Based on the discussion above, it is respectfully recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed without prejudice to Plaintiff reopening it by paying the full statutory and administrative filing fees, totaling $400.00.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff is allowed fourteen (14) days after service of this Report and Recommendation to file written Objections to this Report And Recommendation. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: July 22, 2015.

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: **ALVIN R. SIMMONS, JR.**
Beaver County Jail
6000 Woodlawn Boulevard
Aliquippa, PA 15001
*Via U.S. Postal Mail*